## 64

Robert Grieve, Trustee
vs.     No. 36569
Thomas J. Dorney

January 7, 1918

TANNER, P. J. This is an action brought by a trustee in bankruptcy against the defendant to recover back money alleged to have been received by the defendant by way of preference.

The preference is alleged to have occurred by reason of the defendant having repaid himself loans made to the bankrupt from the proceeds of an assignment of a claim of the bankrupt against the City of Providence.

In order to create a preference the defendant must have had reasonable grounds of knowledge, at the time of taking said assignment of claim, that the assets of the bankrupt, sold as a going concern and not at forced sale, were insufficient to pay his debts. The bankrupt had for several years run an apparently successful candy kitchen in a prominent location on Westminster Street. He had bought out his partner for the sum of $2500 and apparently had paid a portion of this. He did have a fire loss of $1200 which he was unable to collect. On the other hand, he had a fair claim against the City of Providence for over $2000 which was collected. The debts owing by the bankrupt were small claims and he does not appear to have been sued prior to giving this assignment. The bankrupt appears to have had same trouble in paying his rent, and there was also a small mortgage on his store. The defendant Dorney, however, appears to have had confidence in the financial condition of the bankrupt, having loaned him several hundred dollars.

On the whole we are not satisfied that the defendant Dorney had reasonable means to know that the assets of the bankrupt at a fair sale as a going concern were not sufficient to

## 65

pay his debts. We must therefore find that no preference was created.

The defendant Dorney has filed a claim in set-off for $200 or more against the trustee and claims that he was erroneously ordered by the referee in bankruptcy to pay that amount of money to the trustee. The question was raised at the first hearing as to whether or not the record of the proceedings of the referee showed jurisdiction. The testimony of the stenographer, however, has been taken since and her record of the proceedings shows that defendant Dorney was present and the referee must therefore have had jurisdiction of his person. The remedy of the defendant was by way of appeal and the proceedings in the referee's court are conclusive as to this court.

The claim of set-off is therefore denied.

Decision for defendant on the claim of the trustee.

For plaintiff E. C. Stiness, D. H. Morrissey.

For defendant: A. B. Crafts, Comstock & Canning.